INHABITANTS OF HAMPDEN *vs.* CITY OF BANGOR.

Penobscot. Decided July 23, 1878.

*Pauper.*

Acts of kindness or charity or aid furnished as a gift or loan do not constitute supplies within the pauper act.

When the person furnishing and the person receiving aid understand the aid to be a mere act of neighborly kindness, the subsequent voluntary payment by the town of what was never a charge against it will not make the aid thus furnished to be supplies within the pauper act.

ASSUMPSIT for supplies furnished by plaintiffs to Miss Knowles, as a pauper, whose settlement was alleged to be in the defendant city. The only question was one of settlement. The case was referred and afterwards made law on the following facts found in the referee's report :

" The pauper was an aged single woman, who had made her home for many years with her brother in Bangor, both having their home and settlement there in October, 1868, when her brother (and she with him) moved their residence from Bangor to Hampden, and he has resided there ever since. In August, 1873, the pauper, being dissatisfied with her situation at her brother's house, and needing assistance at his house, or elsewhere, (in his absence) left his house with an intention not to return, and went to the house of a neighbor by the name of Murch, and asked him to make an application to the overseers to take her to the poor house of Hampden. Murch at once notified one of the Hampden overseers, who went to Murch's house to see her, and after an interview with her, arranged with Murch that she could stay at his house a day or two, until other arrangements could be made. The overseer consulted with his colleagues, and they notified Bangor, in writ-

ing, in the usual form, supposing Bangor would provide for her, thus saving themselves (overseers of Hampden) the necessity of taking her to their own poor house on the town farm. Thereupon Mr. Jewett, overseer of Bangor poor house, being an acquaintance of the pauper's family, called upon the pauper at Murch's house, but not by the direction of the Bangor overseers, and he also requested Murch to keep the pauper until some arrangement was made.

" At the end of three days, the brother being notified of the condition of things, took his sister away, carrying her upon a visit to their sister's in Bradford. She remained there about eight months, not however changing her residence from Hampden, when she returned to her brother's in Hampden, remaining with him about a year, and on June 9, 1875, went into plaintiffs' poor house, where she remained till she died. She did not suppose that she was living at Murch's as a pauper, but expected to go to the poor house. Nor did Murch, at the time, make any charge against either Hampden or Bangor, for her keeping, or ask, or expect anything for it, all parties supposing the trouble was remedied by her going to Bradford. But after the pauper fell into distress, in 1875, the selectmen of Hampden requested Murch to make out a bill for the three days' keeping. If the keeping by Murch was, under the circumstances, such a reception of pauper supplies as would break the continuity of her residence in Hampden, then the plaintiff shall recover the bill sued for. If not, then judgment shall be given for the defendant."

*A. W. Paine*, for the plaintiffs.

*F. H. Appleton*, city solicitor, for Bangor.

APPLETON, C. J. The question presented for our determination is whether, under the facts as found by the referee, pauper supplies were furnished by Murch to, and received as such by Miss Knowles. We think they were not.

Miss Knowles requested Murch to make an application to the overseers to take her to the poor house, which he did. Had she left Hampden immediately on making this request, there could be no pretense that supplies had been furnished or received. Had

the town made an arrangement . to furnish them, and they were never furnished, the result would be the same. The rights of all parties interested must be determined by the facts existing at the time the alleged supplies were furnished. *Veazie* v. *Chester*, 53 Maine, 29, 30.

The pauper knowingly received no supplies. She applied to be sent to the poor house. She was not so sent. So far as she was concerned, she supposed she was enjoying mere neighborly kindness and hospitality. Murch had no other idea. He made no charge to either Hampden or Bangor. He neither asked nor expected anything for the kindness rendered. The board was not furnished on account of the town as supplies nor received by the person, who subsequently became a pauper, as such. Murch made out his bill, not because he had a claim against Hampden, but at the instance of the town officers. They paid it, not because it was a debt, but hoping it would break the continuity of the pauper's residence in their town. The case shows that nothing was furnished or received as supplies.

Acts of private charity or aid voluntarily furnished one, though in distress, do not constitute supplies within the statute. *Canaan* v. *Bloomfield*, 3 Maine, 172. *Veazie* v. *Chester*, 53 Maine, 29, 30. n *Oakham* v. *Sutton*, 13 Met. 192, the supplies were claimed to have been furnished by an order drawn by Torrey, one of the overseers of the poor. The instruction to the jury was " that if Torrey furnished the order to Simpson (the pauper) in the way of a gift or loan, solely on his (Torrey's) own account, without any expectation or intention of being remunerated by the town; or if he took a promise to himself, with a view of recovering the debt for his own use ; then a subsequent payment to him of the sum advanced by the overseers would not make such aid the furnishing of relief by the town, so as to affect Simpson's settlement." This instruction was held to be correct.

In *Fayette* v. *Livermore*, 62 Maine, 229, it was the intention of the brother, when making application for and in behalf of his sister, to charge the town for all supplies after that date. The officers of the town expected he would so do. He did so. The supplies in that case were furnished with the expectation of pay-

ment therefor on the part of the person furnishing them.  Not so
in the case at bar.

*Judgment for the defendants.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., con-
curred.